UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC DEWAYNE ELLZEY | CIVIL ACTION |
| VERSUS | NO. 17-3163 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is BP Exploration & Production, Inc., BP American Production Company, and BP p.l.c.'s (collectively the "BP parties") motion for summary judgment.[1] Plaintiff opposes the motion.[2]

For the following reasons, the Court grants defendants' motion for summary judgment.

## I.   BACKGROUND

This case arises from plaintiff's alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico. Plaintiff alleges that he

---

[1]  R. Doc. 49. The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' motion. R. Doc. 49-1 at 1 n.1.

[2]  R. Doc. 50.

1

performed cleanup work after the *Deepwater Horizon* oil spill in 2010.[3] Plaintiff asserts that, as part of this work, he was exposed to crude oil or dispersants.[4] Plaintiff also represents that this exposure has resulted in the following conditions: severe rash, dizziness, headaches, memory loss, anxiety, depression, insomnia, eye irritation, burning and tearing, and blurry vision.[5]

Plaintiff's case was originally part of the multidistrict litigation ("MDL") pending before Judge Carl J. Barbier. His case was severed from the MDL as one of the "B3" cases for plaintiffs who either opted out of, or were excluded from, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement.[6] Ellzey is a plaintiff who opted out of the settlement.[7] After plaintiff's case was severed, it was reallocated to this Court. Plaintiff asserts claims for general maritime negligence, negligence per se, and gross negligence against the defendants as a result of the oil spill and its cleanup.[8]

The BP parties assert that because plaintiff produced his expert reports nearly two weeks after the deadline without leave of court, the Court should not

---

[3] R. Doc. 1-1 at 5, 8.
[4] *Id.* at 5.
[5] R. Doc. 49-2 at 1
[6] *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *2, 12 & n.12 (E.D. La. Apr. 1, 2021).
[7] R. Doc. 1-1 at 2.
[8] R. Doc. 28 ¶¶ 19-49.

consider the reports,[9] and instead grant summary judgment to defendants because plaintiff is unable to carry his burden on causation.[10] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

---

[9] R. Doc. 52.
[10] R. Doc. 49.

*Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The

4

nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

## III.  DISCUSSION

### A.  Plaintiff's Untimely Expert Report

Plaintiff's expert report is untimely under the Court's scheduling order. Plaintiff concedes that the scheduling order required him to provide defense counsel his expert disclosures no later than November 10, 2022,[11] but that he did not submit the expert reports until November 22, 2022.[12] Defendants contend that the Court should not consider plaintiff's untimely expert report and instead dismiss plaintiff's complaint.[13]

Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of their expert witnesses, as well as those experts' reports in accordance

---

[11]   R. Doc. 50 at 1-2.
[12]   *Id.*
[13]   R. Doc. 55.

with the deadlines established by the court's scheduling order. Fed. R. Civ. P. 26(a)(2)-(3). And Rule 16(f) provides that a court may issue sanctions "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). The Fifth Circuit has described four factors for courts to consider in excluding expert testimony as a sanction for untimeliness: (1) the explanation for the delay, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

As to the first factor, plaintiff asserts that there is good cause for the Court to consider plaintiff's expert reports, noting that his counsel did not intend to disregard the Court's deadlines, but that "[d]ue to the volume of BP Oil Spill response worker cases being held by the Falcon Law Firm and the high number of motions that undersigned counsel is opposing each week it was inadvertently missed."[14] The Court finds that this belated explanation, combined with plaintiff's failure to seek leave to submit his expert disclosures after the deadline, weigh in favor of excluding the report. That plaintiff's counsel represents multiple B3 plaintiffs is not an excuse for disregarding the Court's scheduling order. With respect to the second factor, Dr. Cook's expert report is theoretically important, as it seeks to demonstrate an issue of material fact as to general causation sufficient

---

14  R. Doc. 50 at 1-2.

to survive summary-judgment dismissal of Ellzey's claims. In other cases, this Court has decided to consider untimely reports in large part due to this second factor. *See, e.g.*, *Pettaway v. BP Expl. & Prod., Inc.*, No. 17-3599, 2022 WL 3369997, at *2 (E.D. La. Aug. 16, 2022), *reconsideration denied*, No. CV 17-3599, 2022 WL 16851254 (E.D. La. Nov. 10, 2022). But it has become apparent that litigating the June 21, 2022 version of the Cook report is an exercise in futility, as that version of Dr. Cook's report has been considered countless times by various sections of this court, and Dr. Cook's opinions have nonetheless been declared inadmissible every time. *See, e.g.*, *Moore v. BP Expl. & Prod., Inc.*, No. 17-4456, 2022 WL 3594631, at *10 (E.D. La. Aug. 23, 2022); *Yarbrough v. BP Expl. & Prod.*, No. 17-4292, 2022 WL 3136982, at *1 (E.D. La. Aug. 5, 2022) (Barbier, J.); *Elliott v. BP Expl. & Prod. Inc.*, No. 13-1011, 2022 WL 16694072, at *1 (E.D. La. Nov. 3, 2022) (Ashe, J.); *Charles v. BP Expl. & Prod., Inc.*, No. CV 17-3125, 2022 WL 16739435, at *3 (E.D. La. Nov. 4, 2022) (Milazzo, J.). Based on the Court's review of the record, there is no reason to suggest a different result would be reached with respect to Dr. Cook's report in this case. The Court therefore finds that the importance of the report tends to favor the exclusion of Dr. Cook's report, despite prior rulings reaching a different conclusion on this factor. As to the third factor, the admission of untimely expert reports would not be highly prejudicial to the BP parties given that they have already submitted a *Daubert* motion and summary

7

judgment motion related to Dr. Cook's testimony.[15] As to the fourth *Geiserman* factor, the Court finds that because both parties have filed their dispositive motions, and trial is scheduled for later this month, a continuance would require reopening expired deadlines and would only further prolong this case. *See Orgeron v. State Farm Fire & Cas. Co.*, No. 15-1513, 2016 WL 153953, at *4 (E.D. La. Jan. 13, 2016) (noting that a "continuance at this point would only serve to increase costs on [the defendant], wh[o] has been diligent in meeting the deadlines imposed by this Court").

In sum, despite the lack of prejudice to the defendants, the Court will not consider Dr. Cook's report because there was no good reason for the late disclosure, and the report is not actually important in light of the numerous rulings finding it inadmissible.

### B.  Lack of Causation Evidence

Plaintiff asserts claims for general maritime negligence, negligence per se, and gross negligence against the defendants, as a result of the oil spill and its cleanup. Defendants contend that plaintiff cannot prove that exposure to oil or

---

[15]   *See* R. Doc. 49 & 50.

8

dispersants was the legal cause of his alleged injuries, and thus that he cannot prove a necessary element of his claims against defendants.[16]

"Under the general maritime law, a party's negligence is actionable only if it is a 'legal' cause' of the plaintiff's injuries." *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). "Legal cause" is more than but-for causation; instead, the negligence "must be a 'substantial factor' in the injury." *Id.* To prevail in a toxic tort case, a plaintiff must show both general causation and specific causation. *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351-52 (5th Cir. 2007) (in toxic tort cases, "the district court must determine whether there is general causation," and if so, "the district court must determine whether there is admissible specific-causation evidence"). "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 724 (5th Cir. 2009) (citing *Knight*, 482 F.3d at 351).

Expert testimony is required to establish general causation in toxic-tort cases like this one. *See McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 433-34 (5th Cir. 2020) (affirming summary judgment where plaintiff lacked admissible expert testimony on general causation); *see also Macon v. BP Expl. & Prod. Inc.*, No. 17-

---

16    R. Doc. 49.

3548, 2022 WL 1811135, at *7 (E.D. La. June 2, 2022) (dismissing plaintiff's claims "[b]ecause expert testimony is required on [general causation]"). "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden." *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996).

Courts have also required expert testimony as to specific causation "when the symptoms are not within the common knowledge of laypersons and not classified as transient or temporary." *See Street v. BP Expl. & Prod. Inc.*, No. CV 17-3619, 2022 WL 1811144, at *3 (E.D. La. June 2, 2022); *see also Troxler v. BP Expl. & Prod., Inc.*, No. 17-4207, 2022 WL 1081193, at *2 (E.D. La. Apr. 11, 2022) (holding that "the causal connection between exposure to oil or dispersants and [chemical pneumonitis, gastrointestinal problems, breathing difficulties, and memory loss] is not within the common knowledge of a layperson" and thus requires expert testimony); *Stephens v. BP Expl. & Prod. Inc.*, No. 17-4294, 2022 WL 1642136, at *4 (E.D. La. May 24, 2022) ("[W]ithout an expert opinion on specific causation, Plaintiff cannot meet her burden of proof on her claims of sinusitis, upper respiratory infection, abdominal cramps and pain, mood disorder, and insomnia.").

Because the Court has excluded the Cook report as untimely, plaintiff has not pointed to any admissible expert opinions on either general or specific causation.

Plaintiff is unable to sustain his burden on causation, and the Court therefore grants summary judgment. *See Williams v. BP Expl. & Prod., Inc.*, No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) ("When a plaintiff has no expert testimony to prove his medical diagnosis or causation at trial, the plaintiff's suit may be dismissed at the summary judgment stage.").

## IV.  CONCLUSION

For the foregoing reasons, the BP parties' motion for summary judgment. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __15th__ day of December, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE